## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**BRANDON BRADLEY,**
        **Petitioner,**

**v.**                                          **Case No.  5:09cv92/SPM/MD**

**WALTER A. MCNEIL,**
        **Respondent.**

_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent has moved to dismiss the petition as time-barred (doc. 25), providing relevant portions of the state court record (docs. 26, 28). Petitioner has not responded to the motion, although given the opportunity to do so (doc. 27) and granted two extensions of time (docs. 30, 32).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On July 29, 2004, petitioner was convicted upon jury verdict of one count of sexual battery on a child less than 12 years of age (Count I), and one count of lewd and lascivious molestation (Count II), in the Circuit Court of Bay County, Florida,

case number 03-2572. (Doc. 1, p. 1; Doc. 28, Ex. A).[1] He was sentenced to life without parole on Count I, and to a concurrent 15-year term of imprisonment on Count II. (*Id.*). Petitioner's convictions and sentences were affirmed on direct appeal on December 9, 2005. *Bradley v. State*, 918 So.2d 337 (Fla. 1st DCA 2005) (copy at Ex. E). Rehearing was denied on January 13, 2006. (*See id.*; Ex. G).

On January 13, 2008, petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. I). The trial court denied relief by order entered March 18, 2008. (Ex. K). No appeal was taken. (Ex. L; Doc. 1, p. 7 ¶ 11(a)(6)).

Petitioner initiated the instant federal habeas proceeding on March 19, 2009. (Doc. 1, p. 1).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1]Hereafter, all references to exhibits will be to those provided at Doc. 28, unless otherwise noted.

**recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

**(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

**§ 2244(d)(1).  According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).**

**In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).**

**The First DCA affirmed petitioner's judgment of conviction on December 9, 2005, and denied rehearing on January 13, 2006.  Petitioner did not seek review of the judgment in the Florida Supreme Court or in the United States Supreme Court. Accordingly, his judgment of conviction became "final" for purposes of § 2244 on April 13, 2006, when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.[2]  *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that one-year limitations period for state inmate's filing of federal habeas petition began to run when the time expired for filing a petition for *certiorari* with the United States Supreme Court).  The federal habeas statute of limitations began to run on that date.  The limitations period expired on April 16, 2007, one year from the day after petitioner's judgment became final, in the**

---

[2]The 90-day period for filing in the United States Supreme Court a petition for a *writ of certiorari* seeking review of a decision of a state appellate court runs from the date of the state court's denial of rehearing.  *See* Sup. Ct. R. 13.3.

absence of tolling.[3]  *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)); *Johnson v. Florida Dep't of Corrections*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

The record reveals that petitioner had no properly filed applications for state postconviction or other collateral review pending during that critical period (April 13, 2006 to April 16, 2007); therefore, his time for seeking federal habeas review expired on April 16, 2007.[4]  The instant petition filed on March 19, 2009, is untimely. Petitioner has neither claimed equitable tolling applies, nor asserted a colorable claim of actual innocence.  The record does not support application of the equitable tolling doctrine, or any other exception to the limitations period.  Therefore, this case should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

---

[3]April 14, 2007 was a Saturday.

[4]Petitioner's motion for postconviction relief filed on January 13, 2008 was filed <u>after</u> the limitations period expired.  Thus, that application did not trigger the tolling benefit of § 2244(d)(2). *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Nor could the later filing reinitiate the federal limitations period.  *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 25) be GRANTED, and the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Brandon Bradley*, in the Circuit Court of Bay County, Florida, case number 03-2572, be DISMISSED WITH PREJUDICE.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 4th day of June, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).